*37
Cufia, per

RichardsoN, J.
The receipts are expressed to be for money paid, and prima facie they release the judgments of course. But it appeared that Dogan, in fact, received not money, but the promissory note of Thomas and Ashbey ; and the question arises, did he take the note as money, that is, in satisfaction' and discharge of the judgments, or only as additional security’ for the final payment of the judgments ?
A creditor may have several remedies and securities, although one practical payment discharges all. In every case of this-kind the enquiry is, what was the contract í i. e. did the creditor intend, or agree, to'discharge the lien of the judgment, in consideration of the hew liability, or right of action, afforded by the note; or did h~e receive it only as additional security, or another remedy, for the same debt? For adjudications on this species of payment, see 7 Cowen, 272 ; 5 John. R. 268, and Kinne’s collection, 2 vol. 465. But our own cases are many since the old one of Mournier vs. Meyrey, 1 Bay, 24. For instance, in Moody vs. McDonald, Col. MSS. Dec. 1829, (2 Rice Dig. 152,) the note taken did not discharge the award given to the plaintiff. The same was adjudged in the case of Prescott vs. Hubbell, 1 M’C. 94, and Barilli, Torre & Co. vs. Brown and Moses, 1 M’C. 449, where the original debt was a.n open account, and, in the latter case, the note’ accepted was that of a third person. But they all come to what is adjudged in the later cases of Christian vs. Johnson, 2 Bail. 574, and Costelo vs. Cave and Bradley, 2 Hill, 528, to wit: that a note, given for a previous debt, is not payment, unless it be accepted as payment, or produce payment".. It depends, says the court, in Legare vs. Mitchell, MSS. Dec. 1827, upon the agreement of the parties. This means, that, although .money and property constitute the proper satisfaction, yet a creditor may accept, in lieu of these, any thing, trusting that it may produce property or money, as services, outstanding demands, &c. In a word, then, a creditor may accept a new liability, or the assignment of a chose in action, in place and substitution of his demand; or he may take the same for its better security only. We come, therefore, to the proper construction to be applied to Dogan’s receipts, governed by fully adjudged principles.
*38 Here’, too, the general rule of construction has been well established. In McDowell and Black vs. Lamaitre, 2 McC. 320, it is thus laid down. “Receipts, like other written papers, are to be expounded according to their obvious import,” <&c. unless there be satisfactory evidence of error or mistake; and,-in the receipt before us, Dogan acknowledges the full amount of the judgments to have been received in dollars and cents. What other contraction, then,' can be put than this, that whatever was received was intended to be paid and accepted, to the amount set forth, as money? It is, therefore, by the agreement of the parties that the notes were taken, not as additional security, but as money, and to be placed in lieu and satisfaction of the judments. The motion is, therefore, granted, and the circuit decree reversed.
O’Neall, Butler and Wardlaw, JJ. concurred.